[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CHANGE OF VENUE.
The court had the opportunity to assess the rather compelling argument of counsel for the defendants in this matter. The issue of the charge, complicated by the facts alleged, is not sufficient in and of itself to invoke a change of venue. That is so regardless of the race of the parties charged and the race of the complaining victim. While the scenario is complicated, it is not outside the ability of the citizens of the judicial district wherein the crime is alleged to have occurred to make a fair assessment of whether the State of Connecticut has met its burden of proof on the elements of that crime.
The defendant, James E. Anderson, Jr., argues that the case of Cassell v. Texas, 339 U.S. 282,70 S.Ct. 629, 94 L.Ed. 839 (1950), among others, compels this court to grant his motion. The facts of that case are distinguishable. The indictment in that case was secured with a grand jury which had been selected with a disproportionate percentage of African-Americans compared to the actual percentage within the population base of the county.
The defendant, Kevin Edgar, argues that while the jury has yet to be selected, it is clear that there will be a paucity of African-Americans in the pool of jurors. It is a given that blacks are underrepresented in the judicial district, but are not summarily excluded. They are represented in numbers statistically consistent with the population base. CT Page 3064 There is no evidence that African-Americans are excluded. The defendant argues that fact, a small population base, is sufficient in light of the current charges, for the court to grant the motion.
The defendant, Wakene Walton, also argues that the case of Shepard v. Florida, 341 U.S. 50, 71 S.Ct. 549,95 L.Ed. 740 (1951) is dispositive of the issues in this motion. That case turned on the issue of pretrial prejudicial publicity, and is not on point with the issue here.
The State argues that the many courts who have dealt with criminal prosecutions of minority people in areas which do not have high percentages of such minorities, have not required a change of venue. The State cites the case of State v. Dambrell, ___ Id. ___,817 P.2d 646 (1991), which involved the denial of a motion for change of venue for two American Indians charged with murder in an area with a small American Indian population. The Idaho Supreme Court held that ". . . the guarantee of the sixth amendment is not that each racial or ethnic group present in the community be represented on each jury panel, but only that there be a fair cross-section of the community." Id., at 650.
The California Supreme Court upheld the same request made on behalf of African-Americans, who moved to have the venue for their trial changed from a judicial district with only 5.6% African-Americans to one with the overall county population of 11.4%.
The State concludes its argument by noting that the defendants offer no evidence for the assertion that the population of the Judicial District of Litchfield have differing views concerning interracial sex than those held by populations closer to our urban settings. While the court understands the concern of counsel for the defendants, this court cannot find that there is such inherent prejudice that the defendants cannot receive a fair trial in this judicial district.
The motions for change of venue are denied, without prejudice, in the event that there is a demonstration, during the actual voir dire, that a fair CT Page 3065 jury cannot be selected from the pool of available jurors.
DRANGINIS, J.